## THE MEMAS.

### SPYRATOS v. CURUCLIS.

#### No. 16050.

District Court, E. D. New York.

Nov. 27, 1940.

William L. Standard, of New York City (Louis H. Rubinstein, of New York City, of counsel), for libelant.

Dow & McAllister, of New York City, for claimant-respondent.

**838**

ABRUZZO, District Judge.

This is a motion for an order asking this court to decline to take jurisdiction over this cause of action and to dismiss the libel.

The libelant has instituted this action for maintenance and cure. He became ill aboard ship on the way to the Port of New York. There is no dispute that he received some medical care after the arrival of the ship and treatment was accorded him on shore.

The affidavits indicate a definite conflict as to the amount due this libelant for maintenance and cure and as to whether or not the Greek Consul has made it possible for him to become cured.

It is impossible to reconcile the affidavits. The claimant-respondent, through the Greek Consul, is seeking to invoke the articles of a treaty between the United States and the Kingdom of Greece. Apparently, it is the contention of the Greek Consul that this court should decline to take jurisdiction in this action as it is a matter between a foreign seaman and the Kingdom of Greece.

This view might be tenable if the facts were not in serious dispute. There are cases holding that this court should decline jurisdiction. However, the Supreme Court of the United States, in Strathearn Steamship Company, Limited, v. John Dillon, 252 U.S. 348, 40 S.Ct. 350, 64 L.Ed. 607, has ruled clearly that under the La-Follette Act, 46 U.S.C.A. § 597, access has been given to seamen on foreign vessels to the courts of the United States.

Access to this court should not be denied this libelant unless it is definitely established that the Greek Consul has accorded him all the rights to which he is entitled for maintenance and cure. It is impossible for this court to make such a finding upon the affidavits submitted. It may be that upon a trial of this action proof will be developed to indicate that a finding to this effect should be made in favor of the claimant-respondent. The trial court can then decline to take jurisdiction as was done by the Honorable Guy L. Fake in the matter of S/S Georgious Potamianos, D.C. N.J., October, 1940.[1]

The motion is therefore denied at this time.

Settle order on notice:

[1] No opinion for publication.